William P. RUTLEDGE

v.

The LIABILITY INSURANCE INDUSTRY.

Civ. A. No. 781506.

United States District Court, W. D. Louisiana, Lafayette-Opelousas Division.

June 7, 1979.

William P. Rutledge, Domengeaux & Wright, Lafayette, La., for plaintiff.

Chester Francipane, Francipane, Regan & St. Pee, Metairie, La., for Employers Insurance Co. of Wausau.

Harry S. Redmon, Jr., Rutledge C. Clement, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Crum & Forster.

J. Winston Fontenot, Lafayette, La., for Aetna Casualty.

Ernest A. Carrere, Jr., & Anthony M. Fazzio, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Travelers Ins. Co.

Paul B. Deal, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, La., for Aetna Casualty & Surety.

Ralph L. Kaskell, Jr., Deutsch, Kerrigan & Stiles, New Orleans, La., for St. Paul Companies.

## RULING ON MOTIONS

### W. EUGENE DAVIS, District Judge.

Plaintiff, an attorney who regularly represents personal injury claimants on a contingent fee basis, seeks to enjoin publication of certain insurance industry advertisements. Plaintiff charges that defendants' advertising campaign is an attempt by them to improperly influence jurors to award lower amounts in damages. By encouraging the jurors to consider impermissible facts in their deliberations, the ads allegedly tamper with juries, obstruct justice and prevent fair trials.

Named as defendant is the liability insurance industry—a class represented here by The Travelers Insurance Company (Travelers), The St. Paul Companies, Inc. (St. Paul), Aetna Casualty & Surety Company (Aetna), Employers Insurance of Wausau (Employers) and Crum & Forster. All five named class representatives seek dismissal under Rule 12(b)(6) FRCP or, alternatively, summary judgment. Defendants argue that an injunction against publication of the ads would constitute an unconstitutional prior restraint on their freedom of speech.

Also pending before this court are motions by the plaintiff—a motion to strike the affidavits filed by defendants in support of their motions and a motion for summary judgment in favor of plaintiff.

### MOTION TO STRIKE AFFIDAVITS

■ Plaintiff contends that the affidavits identifying the ads are insufficient because they do not state the factual basis of the affiant's personal knowledge of the ads.

The affidavits originally filed by Travelers, St. Paul and Employers have been supplemented to specifically set forth each affiant's duties and responsibilities in connection with the ads here challenged. Each of the three clearly shows that its affiant speaks from personal knowledge of the company's advertising campaign.

Aetna relies on an affidavit of its "Assistant Vice President in charge of Advertising" and the Crum & Forster affidavit is that of its "Vice President for Corporate Communications." Both defendants rely on the titles of those corporate officials to show the basis for their knowledge of the ads in question. It is reasonable and logical that persons bearing such titles would indeed be personally knowledgeable about the preparation and publication of their advertising campaign. An official title alone is enough to indicate the basis of personal knowledge when, as here, that title clearly identifies the official's sphere of responsibility and the facts stated in the affidavit are within that sphere. *Ondis v. Barrows*, 538 F.2d 904 (1st Cir. 1976).

All of the affidavits filed by defendants are sufficient; plaintiff's motion to strike them is denied.

### MOTIONS FOR SUMMARY JUDGMENT

The facts presently before the court are undisputed. Defendants acknowledge that the ads were published in the form presented and plaintiff offers nothing to indicate any inaccuracy in defendants' representations. The dispute focuses on whether such publication is protected by the first amendment. Because no factual dispute exists, disposition of the case by summary judgment is appropriate.

■ Employers and Crum & Forster stand in a position somewhat different from that of the other defendants. By affidavit of its "Vice President for Public Affairs" it has presented copies of all the ads it published in 1976, 1977 and 1978. Only one of those ads is even remotely related in substance to the type of ad about which plaintiff complains. That ad "The Product Liability Menace" was published once in the *Wall Street Journal* and once in the *Business Insurance Journal* in December of 1976. It was directed to the businessman and stressed loss prevention and legislative reform as the best ways to cope with cur-

rent conditions in the field of torts. No mention was made of juries or their awards although the ad did refer briefly to "eager attorneys" and plaintiffs "intent on going to court" and "quick to demand . . . 'extra' justice." There was no appeal to a prospective juror. None of the other Employers' ads which were produced touches on the subject of juries or tort law reform. Because it has not published any ads which fall into the category challenged by plaintiff and because plaintiff has not shown that there is any substantial likelihood that any such ads will appear in the future, the threat to plaintiff from Employers is merely speculative. Consequently, no injunction will lie. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

The claim against Crum & Forster must be treated similarly. The affidavit of the vice president for Corporate Communications states that no ads of the type challenged by plaintiff have been used by Crum & Forster in the past year and that Crum & Forster has no present intention of using any such ads. Plaintiff has offered nothing to contradict these statements. An injunction will not issue against an activity which is not likely to occur. *See Younger, supra.*

The motions by Employers and Crum & Forster for summary judgment are granted.

Resolution of the remaining motions for summary judgment requires an examination of the constitutional issues raised by plaintiff's suit. Defendants argue that the contents of the ads represent speech on issues of public interest and therefore are entitled to full constitutional protection. Defendants argue that the ads should not be characterized "commercial speech" which is due less protection and subject to stricter control. Plaintiff, on the other hand, contends that otherwise protected speech may be restrained when it infringes on another constitutional right, here the right to fair trial.

■ It is clear that these ads do have a commercial aspect; a reduction in jury awards would operate to the financial advantage of liability insurance carriers. The ads make no attempt to sell insurance or to recommend any particular type of insurance coverage; they propose no commercial transaction. Speech is not stripped of First Amendment protection merely because it is made in the form of a paid advertisement; nor does the fact that it reflects the advertiser's commercial and financial interests deny it constitutional protection. *Bigelow v. Virginia*, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975). These ads communicate information about the insurance industry and disseminate that industry's opinion and position on matters of public concern, particularly reform of the tort law.

■ I conclude that the ads in question should not be characterized as "commercial speech." See *First National Bank of Boston v. Bellotti*, 435 U.S. 765, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978); *Bigelow, supra* and *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

Because these ads contain statements on matters of public interest, there is a heavy presumption against the constitutional validity of any prior restraint on their publication. *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 91 S.Ct. 1575, 29 L.Ed.2d 1 (1971).

In *Nebraska Press Association v. Stuart*, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976), a Nebraska state trial judge enjoined pretrial publication of certain facts relating to the state's evidence against a man accused of several violent crimes on grounds that pretrial publicity would jeopardize the right of the accused to a fair trial. The Supreme Court reversed and dissolved the injunction on grounds that the extraordinary remedy of prior restraint of speech was not justified even though publication of the facts at issue threatened the ability of the accused to obtain a fair trial. The court noted that the prior restraint of speech was "the most serious and the least tolerable infringement on First Amendment rights." 427 U.S. at 559, 96 S.Ct. at 2803, 49 L.Ed.2d at 697. Change of venue, postponement of the trial, careful voir dire of prospective jurors and emphatic and clear

instructions on the duties of a juror were suggested as effective means of dissipating the impact of prejudicial pretrial publicity.

█ The instant case also presents a potential conflict between the right of free speech and the right to a fair trial. Here, the threat to fair trial is more remote than was the threat in *Nebraska Press* since these ads are not directed to any specific case. Voir dire, jury instructions and other safeguards in our trial process can protect potential plaintiffs. The extraordinary relief sought of a prior restraint of publication of the ads is not warranted.

The motions by defendants Travelers, Aetna and St. Paul are also granted.